IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KEVIN EPPERSON, | : |
| Petitioner, | : |
| v. | : Civ. A. No. 18-1271-CFC |
| DANA METZGER, Warden, and<br>ATTORNEY GENERAL OF THE STATE<br>OF DELAWARE, | : |
| Respondents. | : |

**MEMORANDUM**

I. **BACKGROUND**

In 1996, Petitioner Kevin Epperson ("Petitioner") was convicted of first degree kidnapping and sexual assault. *See Epperson v. Carroll*, 2004 WL 1588290 (D. Del. July 14, 2004). He was sentenced as a habitual offender to fifty-two years of incarceration followed by a period of probation. *Id.* The Delaware Supreme Court affirmed Petitioner's convictions and sentences on direct appeal. *Id.*

Petitioner applied for federal habeas corpus relief in May 1999, March 2001, May 2004, and April 2008. All of those petitions challenged his 1996 convictions and sentence. Petitioner's first petition was denied on the merits, and his subsequent petitions were denied as second or successive. *See Epperson v. Snyder*, Civ. A. No. 99-313-RRM (D. Del. Aug. 11, 2000); *Epperson v, Snyder*, Civ. A. No. 01-210-RRM (D. Del. Apr. 2, 2001); *Epperson v. Carroll*, Civ. A. No. 04-332-KAJ (D. Del. July 14, 2004); *Epperson v. Phelps*, Civ. A. No. 08-240-SLR (D. Del. June 2, 2008).

In July 2016, Petitioner filed in Civ. A. No. 99-313-SLR[1] a Rule 60(b) motion asking the Court to reconsider the 2000 dismissal of his first petition for a writ of habeas corpus. The Honorable Sue L. Robinson dismissed the Rule 60(b) for lack of jurisdiction after determining that it constituted an unauthorized second or successive habeas petition. See Epperson v. Pierce, 2016 WL 6821064 (D. Del. Nov. 17, 2016).

In November 2017, Petitioner filed an application in the Court of Appeals for the Third Circuit requesting authorization to file a second or successive habeas application. See In re: Kevin Epperson, C.A. No. 17-3470 (3d Cir. Nov. 11, 2017). The Third Circuit denied the application because Petitioner failed to satisfy the requirements for obtaining such authorization. See In re Kevin Epperson, C.A. No. 17-3470 (3d Cir. Mar. 2, 2018).

Presently pending before the Court is Petitioner's new Petition for habeas corpus relief. (D.I. 1) Petitioner contends that the Delaware state courts have violated his constitutional right to access to the courts by "classifying" him as a "frivolous filer" and refusing to review his filings. (D.I. 3 at 2-7) He asks this Court to instruct the Delaware state court to "relieve him from the confines of the injunction of their frivolous classification." (D.I. 3 at 7)

## II. LEGAL STANDARDS

A federal district court may summarily dismiss a habeas petition "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." Rule 4, 28 U.S.C. foll. § 2254. A district court can entertain a habeas petition "in behalf of a person in custody pursuant to the judgment of a State

---

[1]Petitioner's first habeas proceeding, Civ. A. No. 99-313-RRM, was re-assigned to the Honorable Sue Robinson on September 7, 2016.

2

court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States," and only if the relief sought is either immediate release or speedier release. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973).

In turn, pursuant to 28 U.S.C. § 2244(b), if a habeas petitioner erroneously files a second or successive habeas petition "in a district court without the permission of a court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631." Robinson v. Johnson, 313 F.3d 128, 139 (3d Cir. 2002). A habeas petition is classified as second or successive within the meaning of 28 U.S.C. § 2244 if a prior petition has been decided on the merits, the prior and new petitions challenge the same conviction, and the new petition asserts a claim that was, or could have been, raised in a prior habeas petition. See Benchoff v. Colleran, 404 F.3d 812, 817 (3d Cir. 2005); In re Olabode, 325 F.3d 166, 169-73 (3d Cir. 2003).

## III.  DISCUSSION

Petitioner contends that the Delaware state courts have denied him access to the courts by "designating all [of his] filings to be frivolous" and refusing to file his "motions claiming denial of [a] fair trial based upon the error committed by the trial judge during … [his] criminal trial proceedings." (D.I. 3 at 1) To the extent Petitioner is alleging he has been denied access to the courts, he has improperly presented the argument in the instant habeas proceeding. Instead, he must present the claim in a civil rights complaint filed pursuant 42 U.S.C. § 1983. See, e.g., Bounds v. Smith, 430 U.S. 817, 818, 821 (1977)(a §1983 case reiterating that prisoners have a constitutional right of access to

the courts); *Ross v. Clerk of Courts of Common Pleas of Philadelphia, Pennsylvania*, 726 F. App'x 864, 865 (3d Cir. 2018)(holding prisoner failed to state a denial of access to the courts claim under § 1983).

To the extent Petitioner's argument should be construed as challenging the fairness of his criminal proceeding and/or the legality of his 1996 conviction, it constitutes a request for habeas relief. Notably, Petitioner himself asserts that his "challenge has always been focused upon the fundamental fairness of the trial process by which the result was procured." (D.I 3 at 7) Petitioner already has, or could have, challenged the fundamental fairness of his criminal proceeding and/or legality of his conviction in the first § 2254 petition he filed in this Court. As such, the Court concludes that the instant Petition constitutes a second or successive habeas petition within the meaning of 28 U.S.C. § 2244.

Petitioner does not allege that the Third Circuit authorized the filing of the pending Petition. Given these circumstances, the Court lacks jurisdiction to consider the instant Petition. *See* Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court, 28 U.S.C. foll. § 2254 (authorizing summary dismissal of § 2254 petitions); 28 U.S.C. § 2244(b)(1).

The Court further concludes that it would not be in the interest of justice to transfer this case to the Court of Appeals for the Third Circuit. The Third Circuit has already declined Petitioner leave to proceed with an earlier successive petition, and nothing in the instant Petition comes close to satisfying the substantive requirements for

a second or successive petition under 28 U.S.C. § 2244(b)(2). Accordingly, the Petition will be dismissed for lack of jurisdiction.

## IV. CONCLUSION

For the reasons set forth above, the Court will summarily dismiss the instant Petition for lack of jurisdiction. The Court will also decline to issue a certificate of appealability because Petitioner has failed to make a "substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(2); 3d Cir. L.A.R. 22.2 (2011); *United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997). A separate Order will be entered.

Dated: September 19, 2018

_____
UNITED STATES DISTRICT JUDGE